T.C. Memo. 2013-146

UNITED STATES TAX COURT

GREGORY T. CAMPION AND SHEILA J. CAMPION, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16912-09.                       Filed June 6, 2013.

Gregory T. Campion and Sheila J. Campion, pro se.

<u>Laura A. Price</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  After concessions, the issues for decision are whether
petitioners failed to report income and are liable for section 6662 accuracy-related
penalties relating to 2004 and 2005.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2]                         FINDINGS OF FACT

During 2004 and 2005 Mr. Campion was a night shift team leader and custodian of evidence with the Drug Enforcement Agency's Atlanta Airport Task Force. On March 1, 2006, Mr. Campion was indicted in the U.S. District Court for the Northern District of Georgia (District Court) on seven counts of converting property of another as an officer or employee of the United States, seven counts of embezzlement of public funds, and two counts of money laundering. Mr. Campion was subsequently indicted, pursuant to section 7206(1), for filing false 2003 and 2004 Federal income tax returns. On September 24, 2008, Mr. Campion pleaded guilty to filing a false 2004 return (i.e., the remaining charges were dismissed), was sentenced to 21 months' imprisonment, and was required to pay $80,095 of restitution to the Internal Revenue Service and $12,519 of restitution to the Georgia Department of Revenue.

Respondent audited petitioners' 2004 and 2005 returns and, using the bank deposits method, determined that petitioners had unreported income of $204,417 and $21,791 relating to 2004 and 2005, respectively. In addition, respondent determined that petitioners were liable for section 6662 accuracy-related penalties.

---

[1](...continued)
Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** Respondent, on April 10, 2009, sent petitioners a notice of deficiency relating to 2004 and 2005. Petitioners timely filed their petition with the Court. At the time the petition was filed, Mr. Campion resided in Virginia and Ms. Campion resided in Florida.

OPINION

Petitioners contend that the District Court determined their 2004 tax liability and that respondent is collaterally estopped from relitigating this amount.[2] Although Mr. Campion pleaded guilty to willfully making and subscribing a false return, petitioners' 2004 tax liability was not an essential element of the Government's case and was not actually litigated. See sec. 7206(1); United States v. Clarke, 562 F.3d 1158, 1163-1164 (11th Cir. 2009); Hi-Q Pers., Inc. v. Commissioner, 132 T.C. 279, 289-290 (2009); Peck v. Commissioner, 90 T.C. 162, 166-167 (1988) (holding that "[t]he parties must actually have litigated the issues and the resolution of these issues must have been essential to the prior decision" in order for collateral estoppel to apply), aff'd, 904 F.2d 525 (9th Cir.

---

[2]Collateral estoppel, rather than the related doctrine of res judicata, may apply when a civil case follows a criminal case. See Helvering v. Mitchell, 303 U.S. 391, 397 (1938) ("The difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata."); United States v. Barnette, 10 F.3d 1553, 1560-1561 (11th Cir. 1994).

**[*4]** 1990).  Therefore, respondent is not collaterally estopped from determining a deficiency relating to 2004.

We sustain respondent's determinations of petitioners' unreported income relating to 2004 and 2005.  Petitioners were required, but failed, to maintain adequate records.  See sec. 6001.  Thus, respondent had the authority to reconstruct income in accordance with the bank deposits method.  See sec. 446(b); Clayton v. Commissioner, 102 T.C. 632, 645 (1994) ("The use of the bank deposit method for computing unreported income has long been sanctioned by the courts."); Petzoldt v. Commissioner, 92 T.C. 661, 686-687 (1989).  Respondent established that petitioners owned the bank accounts subject to respondent's analysis.  See Blohm v. Commissioner, 994 F.2d 1542, 1548-1549 (11th Cir. 1993) (holding that the Commissioner's determination relating to unreported income is presumed correct where it is supported by a "minimal evidentiary showing"), aff'g T.C. Memo. 1991-636.  Pursuant to the bank deposits method, all money deposited into petitioners' bank accounts is presumed to be taxable and respondent is not required to establish a likely source of the deposits.  See Clayton v. Commissioner, 102 T.C. at 645-646.  Petitioners failed to prove that the analysis

[*5] was erroneous.[3]  See Welch v. Helvering, 290 U.S. 111, 115 (1933); Blohm v. Commissioner, 994 F.2d at 1548-1549; Clayton v. Commissioner, 102 T.C. at 645-646.

Respondent further determined that petitioners are liable for section 6662(a) and (b)(1) accuracy-related penalties relating to 2004 and 2005.  Respondent bears, and has met, the burden of production relating to these penalties and has established that petitioners were negligent in filing their 2004 and 2005 returns.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446, 448-449 (2001).  Petitioners have not established reasonable cause for the underpayments or that the returns were prepared in good faith.  See sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448-449.  Accordingly, we sustain respondent's determinations.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

under Rule 155.

_____

[3]Pursuant to sec. 7491(a), the burden of proof may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issue.  This section is inapplicable because petitioners failed to maintain records.  See sec. 7491(a)(2).